## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

NICOLAS SUBDIAZ-OSORIO,

                    Petitioner,

v.

MARC CLEMENTS,

                    Respondent.

Case No. 14-CV-1227-JPS

## ORDER

On October 15, 2014, the Court dismissed this case because the petitioner had a petition for a writ of certiorari pending before the Supreme Court. (Docket #5). Shortly after the Court entered its order, the petitioner filed a letter informing the Court that the Supreme Court had denied certiorari. (Docket #7). The Court will, therefore, vacate its previous dismissal order and reopen the case.

The petitioner has paid the $5.00 filing fee, so the Court must screen the petition.

First, the Court provides a small bit of background. After pleading guilty in Kenosha County Circuit Court, the petitioner, Nicolas Subdiaz-Osorio ("Subdiaz-Osorio"), was convicted of First Degree Reckless Homicide, a violation of Wis. Stat. § 940.02(1). Subdiaz-Osorio was sentenced to twenty years of imprisonment and fifteen years of extended supervision. Subdiaz-Osorio is currently confined to the Dodge Correctional Institution in Waupun, Wisconsin.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition...that the petitioner is not entitled to

relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining the timeliness of Subdiaz-Osorio's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (citing *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002)).

Here, it appears Subdiaz-Osorio's petition is timely. Subdiaz-Osorio's conviction became final on October 14, 2014, when the Supreme Court denied his petition for a writ of certiorari. He filed his petition before that date, meaning that the petition is clearly timely.

The court continues its Rule 4 review by examining Subdiaz-Osorio's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in

state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits."). If a federal habeas petition has even a single unexhausted claim, the district court may be required to dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Under *Rhines v. Weber*, 544 U.S. 269, 278 (2005), the Court should grant a stay to allow the petitioner to return to state court to exhaust his claims when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *See also Purvis v. United States*, 662 F.3d 939, 944 (7th Cir. 2011) (applying *Rhines* to a mixed petitioner brought under 28 U.S.C. § 2255). The Court should also allow the petitioner to amend his petition to remove any unexhausted claims before dismissing the petition. *Rhines*, 544 U.S. at 278. A petitioner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, it appears that the claims in Subdiaz-Osorio's petition are exhausted. Subdiaz-Osorio presents two Fourth-Amendment related claims, both of which were presented to the Wisconsin Supreme Court and decided

by that court. (Docket #1 at 6–7; Appendices 1, 2, 3). He also raises a Fifth Amendment claim, which the Wisconsin Court of Appeals touched upon briefly, but the Wisconsin Supreme Court seems to have addressed in more detail. (Appendix 5). Last, he asserts that the courts applied an incorrect legal standard to his case, and he exhausted this issue before the Wisconsin Supreme Court. (Docket #1 at 9). Therefore, these claims appear to have been fully exhausted in state court.

The court next reviews Subdiaz-Osorio's petition under Rule 4 to determine whether he has procedurally defaulted on any of his claims. Even though a constitutional claim in a federal habeas petition has been exhausted, the court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002) (citing *Boerckel v. O'Sullivan*, 135 F.3d 1194, 1196–97 (7th Cir. 1998), *rev'd on other grounds by O'Sullivan v. Boerckel*, 526 U.S. 838, 849 (1999)). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. See *O'Sullivan*, 526 U.S. at 848; *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000).

Here, the court finds that Subdiaz-Osorio has not procedurally defaulted on his claims. Simply put, there is nothing that would indicate procedural default. Subdiaz-Osorio seems to have properly raised each claim before the appropriate courts.

The Court concludes its Rule 4 review by screening for patently frivolous and speculative claims in Subdiaz-Osorio's federal habeas petition. *Ray v. Clements*, 700 F.3d 993, 996 n.1 (7th Cir. 2012) (citing *Small*, 998 F.2d at 414, for the proposition that district courts may dismiss petitioners that fail to state a claim or are factually frivolous).

Subdiaz-Osorio's claims are not frivolous and state a claim. Each, at least on their face, raise the potential for relief. Because it does not plainly appear that Subdiaz-Osorio's claims are frivolous or speculative, the court will direct the respondent to file an answer to Subdiaz-Osorio's claims in the petition.

Accordingly,

IT IS ORDERED that the Court's previous order of dismissal (Docket #5) be and the same is hereby VACATED and this case be and the same is hereby REOPENED;

IT IS FURTHER ORDERED that the parties shall proceed in accordance with the following schedule:

1. Within 30 days of entry of this order, the respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If the respondent files an answer, then the parties should abide by the following briefing schedule:

   a. The petitioner shall have 60 days after the filing of the respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. The petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by the respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

b. The respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within 60 days of service of petitioner's brief, or within 120 days from the date of this order if no brief is filed by petitioner.

c. The petitioner may then file a reply brief, if he wishes to do so, within 30 days after the respondent has filed a response brief.

3. If the respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

a. The petitioner shall have 30 days following the filing of respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

b. The respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, Petitioner need not mail to counsel for the respondent copies of documents sent to the Court.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this order have been sent via

a Notice of Electronic Filing ("NEF") to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within 21 days from the date of the NEF whether the Department will not accept service of process on behalf of the respondent, the reason for not accepting service for the respondent, and the last known address of the respondent. The Department of Justice will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 4th day of November, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge