IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NICOLAS SUBDIAZ-OSORIO            Case No. 14-cv-1227-pp

        Plaintiff,

v.

MARC CLEMENTS,

        Defendant.

---

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL AND MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

---

The petitioner filed his 28 U.S.C. §2254 petition for habeas corpus relief on October 2, 2014. Dkt. No. 1. On December 8, 2014, he filed a motion asking the court to appoint an attorney to represent him. Dkt. No. 13. The petitioner indicated in his motion that he had sent letters to three attorneys, asking them to represent him, id., and he attached copies of the letters, Dkt. No. 13-1. No attorney has filed an appearance on behalf of the petitioner since he filed this case, and his motion indicated that he could not afford to pay a lawyer to represent him. Along with the motion, the petitioner filed a petition and affidavit to proceed *in forma pauperis*, Dkt. No. 14, but his motion indicated that he'd paid the $5.00 habeas filing fee, and was filing the application solely for the purpose of showing the court that he could not afford an attorney. Because the petitioner paid the filing fee on October 6, 2014, the court will

1

construe his petition to proceed *in forma pauperis* as an affidavit of financial circumstances.

According to the affidavit, the petitioner had, as of the time he filed, about $40.00 in monthly expenses, which included $10.00 for legal supplies (postage and writing materials), $20.00 for toiletries, and approximately $10.00 toward his release account. Dkt. No. 14 at 4. The petitioner's prison job paid him $0.26 an hour, which came to about $21.00 every two weeks. Id. at 5.

The Criminal Justice Act allows a court to appoint counsel for a person seeking relief under §2254 if "the court determines that the interests of justice so require" and if the person is "financially eligible." 18 U.S.C. §3006A(a)(2). Appointment of counsel for habeas petitioners is within the district court's discretion, and is governed by standards similar to those followed with plaintiffs proceeding *in forma pauperis* in civil cases. Wilson v. Duckworth, 716 F.2d 415, 418 (7th Cir. 1983); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). The Seventh Circuit has found that "due process does not require appointment of counsel for indigent prisoners pursuing state postconviction remedies or federal habeas relief." Pruitt v. Mote, 503 F.3d 647, 657 (7th Cir. 2007). While "an indigent civil litigant may ask the district court to request an attorney to represent him *pro bono publico*," "no constitutional or statutory right to court-appointed counsel" exists "in federal civil litigation." Id. at 649.

To determine whether it will appoint counsel in a habeas case, the court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain

2

counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate himself?" Id. at 654. The Seventh Circuit has not explicitly defined "reasonable attempt to obtain counsel." It has affirmed one court's requirement that the petitioner provide the names and addresses of at least three attorneys that the petitioner reached out to and who turned him down. Romanelli v. Suilene, No. 07-C-19, 2008 WL 4681778 (W.D. Wis. Mar. 23, 2007), aff'd, 615 F.3d 847, 852 (7th Cir. 2010). The petitioner in this case has provided proof that on November 24, 2014, he sent three letters to three attorneys in Madison and Milwaukee. Dkt. No. 13-1. None of those attorneys have filed an appearance on his behalf. The court finds that the petitioner has made a reasonable attempt to obtain counsel.

The second question asks "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." Id. at 655. In answering this question, the court considers "the plaintiff's literacy, communication skills, educational level, and litigation experience." Id. The court also considers "the pleadings, communications from, and any contact with the plaintiff." Id. This is a fact-intensive decision, and the court must "rule[] out the possibility that the plaintiff is competent to litigate" the case himself before "invoke[ing] [the court's] discretionary authority to press a lawyer into [*pro bono*] service." Id. at 656.

3

In his motion for appointment of counsel, the petitioner told the court that he was from Mexico, and did not understand English or the laws of this country. Dkt. No. 13 at 1. The petitioner also explained that a Wisconsin law school had represented him in state court, and that "an inmate in the law library in this prison reviewed and wrote [his] writ." Id. The petitioner stressed that he did "not understand this process at all." Id. Despite these statements, the procedural history of the case demonstrates that the petitioner has been able to litigate this case successfully on his own.

As indicated above, the petitioner filed the petition on October 2, 2014. Dkt. No. 1. With the petition, the petitioner filed a motion to stay the writ pending the resolution of the petition for certiorari that he had filed before the United States Supreme Court. Dkt. No. 2. The court dismissed the petition without prejudice on October 15, 2014, to give the petitioner the opportunity to obtain the results of his writ of certiorari. Dkt. No. 5. On October 20, 2014, the petitioner filed a letter reporting that the Supreme Court had denied his petition for writ of certiorari, and asking the court to review his petition. Dkt. No. 7. On November 4, 2014, the court vacated the dismissal, reopened the case, and ordered the respondent to file an answer or motion to dismiss. Dkt. No. 8.

On November 10, 2014, the petitioner filed a letter regarding the status of his filing fee. Dkt. No. 9. The defendant accepted service on November 21, 2014 and filed his response on December 4, 2014. Dkt. No. 10—11. On December 29, 2014, the petitioner filed a response to the defendant's pleading,

4

Dkt. No. 17, and on January 21, 2015, the petitioner filed a brief in support of his petition, Dkt. No. 18. The defendant filed a brief in opposition on March 23, 2015, Dkt. No. 18, and the petitioner filed a reply on April 2, 2015, Dkt. No. 19.

The court realizes that five months have passed since the date that the petitioner asked the court to appoint him a lawyer. The fact that the court has taken this long to rule on the petitioner's motion is attributable to the court—the case was reassigned from Judge Stadtmueller to Judge Pepper at the end of 2014, and as a result of reviewing the numerous cases reassigned at that same time, Judge Pepper did not immediately see, or timely act on, the petitioner's motion. But the pleadings the petitioner has filed over the past five months demonstrate clearly that the case does not exceed the petitioner's capacity to coherently present it to the court. He has clearly explained, at length and in some detail, his claim, which is fairly straightforward. He has managed to fully brief his petition for habeas relief; at this point, there is nothing further for an attorney to do for him. The case is now briefed and before the court for decision.

The court **DENIES WITHOUT PREJUDICE** the petitioner's December 8, 2014 motion for appointment of counsel. (Dkt. No. 13) The court further **DENIES** the petitioner's petition and affidavit to proceed *in forma pauperis*. (Dkt. No. 14)

Dated at Milwaukee, this 19th day of May, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Court Judge