UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NICHOLAS SUBDIAZ-OSORIO,

Plaintiff,

v.

MARC CLEMENTS,

Defendant.

Case No. 14-cv-1227-pp

**ORDER DENYING MOTION PURSUANT TO RULE 59(E) TO ALTER AND OR AMEND JUDGMENT (DKT. NO. 24)**

On June 22, 2017, the court issued an order denying the petitioner's petition for a writ of *habeas corpus*, denying a certificate of appealability and dismissing the case. Dkt. No. 22. The court entered judgment the same day. Dkt. No. 23.

On July 5, 2017, the court received a motion. The court is very concerned about the way the motion is written. The *petitioner* did not sign this motion. Timothy J. Kaprelian, who identifies himself as "the petitioner's near friend and the writer of the writ for [the petitioner]," signed it. There is no indication that the petitioner asked Kaprelian to create this document, or knows that Kaprelian filed it. The court is aware that many inmates have assistance from other inmates in preparing legal documents and doing legal research. But only the *party* to a lawsuit may sign, even if someone else researched and typed it for him. Mr. Kaprelian is not the petitioner's lawyer. The court has no evidence that Mr. Kaprelian has been appointed the

1

petitioner's guardian. Kaprelian has no authority to sign pleadings in the petitioner's case, particularly when the court has no evidence that the petitioner is even aware of the document having been filed.

Even if the *petitioner* had filed the document, he would not be entitled to relief. In order to convince a court to alter or amend a judgment under Fed. R. Civ. P. 59(e), the movant must "clearly establish[] 'that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" Cincinnati Life Ins. Co. v. Beyrer, 722 F.3d 939, 954 (2013) (quoting Blue v. Hartford Life & Accident Ins. Co., 698 F.3d 587, 598 (7th Cir. 2012)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

The petitioner's claim that law enforcement tracked his cell phone without a warrant can arise only under the Fourth Amendment to the Constitution; that is the provision that prohibits the government from engaging in unreasonable searches and seizures. As the court stated in its order denying the petition, both the U.S. Supreme Court and the Seventh Circuit have held that a petitioner cannot get *habeas* relief on a Fourth Amendment claim unless the state court deprived that petitioner of a full and fair opportunity to litigate it. Dkt. No. 22 at 9. Mr. Kaprelian argues that because the Supreme Court has yet to decide whether tracking a cell phone without a warrant constitutes an

unreasonable search under the Fourth Amendment, Stone v. Powell, 428 U.S. 465, 481-82 (1976) and its progeny do not apply. This argument is without merit. A question of whether government conduct constitutes an unreasonable search is a Fourth Amendment issue, whether the Supreme Court has answered the question or not.

Mr. Kaprelian also argues that the court should issue a certificate of appealability because higher courts need to address the question of whether the government tracking a person's cell phone constitutes a violation of the Fourth Amendment. If this court had granted a certificate of appealability, it would not have certified the Fourth Amendment question to the Seventh Circuit. It would have certified its decision that under Stone v. Powell, the Fourth Amendment issue is not appropriate for *habeas* relief. The court concluded in the dismissal order, and continues to believe now, that reasonable jurists would not find the court's decision on that issue incorrect or debatable.

And though it is beside the point, the court notes that the very question the petitioner sought to raise in his petition is pending before the United States Supreme Court in Carpenter v. United States, Case No. 16-402, an appeal from a decision by the Sixth Circuit Court of Appeals. The Supreme Court heard oral argument on November 29, 2017. If the Supreme Court decides that cell phone tracking violates the Fourth Amendment, and if it makes that decision retroactive, the *petitioner*—signing his own pleadings—may ask the Seventh Circuit for permission to file a second or successive petition.

3

The court **DENIES** Timothy Kaprelian's motion to alter or amend judgment. Dkt. No. 24. The court **ORDERS** that any future pleadings the petitioner may wish to file must be signed *by the petitioner*.

Dated in Milwaukee, Wisconsin this 14th day of December, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**