UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NICOLAS SUBDIAZ-OSORIO,

        Petitioner/Appellant

v.

        Case No. 14-cv-1227-pp
        Appeal No. 18-1061

MARC CLEMENTS,

        Respondent/Appellee.

**ORDER GRANTING THE PETITIONER'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 31)**

On May 14, 2018, the court issued an order, informing the petitioner/appellant that before it could determine whether to grant the petitioner's motion to appeal without prepaying the filing fee, the petitioner needed to file his trust account statement covering the sixth-month period preceding January 9, 2018. Dkt. No. 32. On May 18, 2018, the petitioner filed his trust account statement with the court of appeals, and on May 22, 2018, this court received the statement. Dkt. No. 33. The court has reviewed that statement, and finds that the petitioner has established that he is indigent.

**I.    Standard for Allowing Appellant To Proceed Without Prepaying the Appellate Filing Fee**

While the court has found the petitioner indigent, it also must consider whether he filed his appeal in bad faith or whether the petitioner has three strikes. <u>See</u> 28 U.S.C. §§1915(a)(2)-(3), (g).

A.   Three Strikes

The petitioner/appellant has not had three prior cases dismissed because they were frivolous or did not state a claim. He has not accrued three strikes.

B.   Appeal Taken in Good Faith

A district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also, Coppedge v. United States, 369 U.S. 438, 445 (1962)). Put another way, a litigant takes an appeal in good faith if "a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000)). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim—that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000)).

At the end of the court's order dismissing the appellant's *habeas* petition, the court declined to issue a certificate of appealability, stating:

> The court concludes that its decision to deny the writ is neither incorrect nor debatable among jurists of reason. The petitioner received a full and fair opportunity to litigate his Fourth and Fifth Amendment claims, and the Wisconsin Supreme Court did not unreasonably apply federal law or Supreme Court precedent.

Dkt. No. 22 at 16-17.

One might conclude under these circumstances that the appellant has not filed this appeal in good faith. But the good-faith standard for allowing a party to appeal without prepaying the filing fee is a lower standard that the standard that a *habeas* petitioner must meet to obtain a certificate of appealability. O'Brien, 626 F.3d at 631-32. "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Id. (citation omitted).

The court cannot conclude that the petitioner/appellant will not be able to point the appellate court to a single issue that a reasonable person would not suppose had some merit. The court concludes that the appellant filed this appeal in good faith.

## II.     Next Steps

The court will require the petitioner to pay an initial partial filing fee of **$39.00**, as well as additional payments under 28 U.S.C. §1915(b)(2). After he pays the initial partial filing fee, the petitioner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in fill. 28 U.S.C. §1915(b)(2). The agency that has custody of the petitioner will collect the money and send payments to the court. No payment is required in months when the prisoner's preceding month's income is $10.00 of less. Id.

## III.    Conclusion

The court **GRANTS** the petitioner's motion for leave to appeal without prepayment of the filing fee. Dkt. No. 31.

The court **ORDERS** that the petitioner shall forward to the Clerk of Court **$39.00** as the initial partial filing fee. The petitioner shall forward this money in time for the clerk to receive it by the end of the day on **July 6, 2018.** If the clerk does not receive that payment by the end of the day on July 6, 2018, the court of appeals may dismiss the appeal. The petitioner shall clearly identify the payment by the district court case number (14-cv-1227) and the court of appeals case number (18-1061).

The court **ORDERS** that, after the petitioner has paid the initial partial filing fee, the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the petitioner's prison trust account the **$466.00** balance of the filing fee by collecting monthly payments from the petitioner's prison trust account in an amount equal to 20% of the preceding month's income credited to the petitioner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. §1915(b)(2). The Secretary or his designee shall clearly identify the payments by the court of appeals case name and case number (18-1061). If the petitioner is transferred to another institution—county, state or federal—the transferring institution shall forward a copy of this order to that institution, along with the petitioner's remaining balance.

The court will send copies of this order to the officer in charge of the agency where the petitioner is confined, and to PLRA Attorney, United States

Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated in Milwaukee, Wisconsin this 8th day of June, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**