UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NICOLAS SUBDIAZ-OSORIO,

   Petitioner/Appellant,

 v.             Case No. 14-cv-1227-pp
                Appeal No. 18-1061

MARC CLEMENTS

   Respondent/Appellee.

---

**AMENDED ORDER GRANTING THE PETTIONER'S MOTION FOR LEAVE OT APPEAL WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 31)**

---

**I. Standard For Allowing Appellant To Proceed Without Prepaying the Appellate Filing Fee**

In determining whether a litigant is eligible to proceed on appeal without prepaying the filing fee, the court must first determine whether he is indigent, then determine whether he has taken the appeal in good faith for purposes of Fed. R. App. 24(a)(3).

 A. <u>Indigence</u>

The Prison Litigation Reform Act does not apply to *habeas* cases. <u>Walker v. O'Brien</u>, 216 F.3d 626, 634 (7th Cir. 2000) ("We therefore hold that if a case is properly filed as an action under 28 U.S.C. §§2241, 2254, or 2255, it is not a "civil action" to which the PLRA applies."). The court decides whether a petitioner is indigent by relying solely on information the petitioner provides in his affidavit of indigency. See <u>Martin v. United States</u>, 96 F.3d 853, 855-56 (7th

1

Cir. 1996); see also United States v. McNair, No.1:02-CR-12, 2008 WL 4776561, at *2 (N.D. Ind. Oct. 27, 2008) ("[U]nder *Martin,* there is no need for a prisoner to submit a prisoner trust account statement to proceed IFP in a habeas corpus or section 2255 appeal.").

The petitioner's affidavit indicates that he has a gross monthly income of $56.00 from his employment through the Wisconsin Department of Corrections. Dkt. No. 31. He reports no other income, bank accounts or expenses. Based on this information, the court finds that the petitioner is indigent.

In a prior order dated April 26, 2018, the court erroneously applied the PLRA standard to the petitioner's case, and ordered the petitioner to file his certified trust account statement. Dkt. No. 32. The petitioner complied with that order, and filed his trust account statement. Dkt. No. 33. The court then issued another erroneous order, dated June 8, 2018, requiring the petitioner to pay an initial partial filing fee of $39.00. Dkt. No. 34.

The court has vacated those two orders, see Text Only Order of June 11, 2018, because the PLRA does not apply to properly filed *habeas* petitions. The court apologizes to the petitioner for this error, and advises him that he does not need to pay an initial partial filing fee.

B.   Appeal Taken in Good Faith

A district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue

that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also, Coppedge v. United States, 369 U.S. 438, 445 (1962)). Put another way, a litigant takes an appeal in good faith if "a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000)). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim—that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000)).

At the end of the court's order dismissing the appellant's *habeas* petition, the court declined to issue a certificate of appealability, stating:

> The court concludes that its decision to deny the writ is neither incorrect nor debatable among jurists of reason. The petitioner received a full and fair opportunity to litigate his Fourth and Fifth Amendment claims, and the Wisconsin Supreme Court did not unreasonably apply federal law or Supreme Court precedent.

Dkt. No. 22 at 16-17.

One might conclude under these circumstances that the appellant has not filed this appeal in good faith. But the good-faith standard for allowing a party to appeal without prepaying the filing fee is a lower standard that the standard that a *habeas* petitioner must meet to obtain a certificate of appealability. O'Brien, 626 F.3d at 631-32. "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Id. (citation omitted).

3

The court cannot conclude that the petitioner/appellant will not be able to point the appellate court to a single issue that a reasonable person would not suppose had some merit. The court concludes that the appellant filed this appeal in good faith.

## II. Conclusion

The court **GRANTS** the petitioner's motion for leave to appeal without prepayment of the filing fee. Dkt. No. 31.

Dated in Milwaukee, Wisconsin this 12th day of June, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**